**INDIANA INSURANCE COMPANY,**
**Appellant–Defendant,**

v.

**INSURANCE COMPANY OF NORTH**
**AMERICA, Appellee–Plaintiff.**

No. 49A04–9909–CV–438.

Court of Appeals of Indiana.

Aug. 29, 2000.

Rehearing Denied Nov. 14, 2000.

Michael E. Brown, John B. Drummy, Kightlinger & Gray, Indianapolis, Indiana, Attorneys for Appellant.

John C. Trimble, Anthony M. Eleftheri, Lewis & Wagner, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Appellant–Defendant, Indiana Insurance Company (Indiana Insurance), appeals the trial court's Order granting Appellee–Plaintiff, Insurance Company of North America's (INA) Motion to Reinstate Cause of Action, filed pursuant to Ind. Trial Rule 60(B)(8).

We affirm.

### ISSUE

Indiana Insurance presents one issue on appeal, which we restate as: whether the trial court abused its discretion by granting INA's T.R. 60(B)(8) motion.

### FACTS AND PROCEDURAL HISTORY

On January 9, 1996, INA initiated this action by filing a complaint against Indiana Insurance alleging breach of contract and subrogation. INA requested a judgment in the amount of $698,537.25 plus interest and court costs. On August 28, 1996, INA filed an Amended Complaint in order to attach a copy of the applicable insurance policy from INA to the complaint. On September 10, 1996, Indiana Insurance filed an Answer to INA's Amended Complaint. INA served its First Request for Production of Documents to Indiana Insurance on September 4, 1996.

On February 28, 1997, the trial court set this case for a T.R. 41(E) "call of the docket" hearing. This hearing was scheduled for April 11, 1997, at 9:15 a.m. Neither party appeared at that time. Meanwhile, Indiana Insurance answered INA's discovery on April 25, 1997. Indiana Insurance also served INA with discovery requests on that date. On May 16, 1997, this case was dismissed by the trial court pursuant to T.R. 41(E). The parties were not notified of the dismissal by the trial court.

INA's prior counsel claims to have prepared and filed a paper entitled "Notice of Intent to Continue Cause" on March 28, 1997. However, this document was not found in the trial court's file and was not reflected in the trial court's chronological case summary. Further, counsel for Indiana Insurance did not receive a copy of this Notice and counsel for INA was unable to produce a file-marked copy of this document.

On December 3, 1998, over eighteen months after this case was dismissed for failure to prosecute, INA filed a Motion to Reinstate Cause of Action pursuant to T.R. 60(B)(8). A hearing was held on this motion on March 30, 1999, and on August 16, 1999, the trial court granted INA's Motion to Reinstate the Cause of Action.

This appeal ensued.

### DISCUSSION AND DECISION

INA argues that its Motion to Reinstate Cause of Action is based on the lack of actual notice of the trial court's judgment of dismissal and that it does not fall within the terms of T.R. 60(B)(1). INA contends that the trial court acted within its discretion pursuant to T.R. 60(B)(8) by relieving it of the judgment of dismissal. Indiana Insurance asserts that the trial court abused its discretion by granting INA's Motion to Reinstate Cause of Action. INA's motion was filed pursuant to T.R. 60(B)(8), and Indiana Insurance argues that the circumstances of this case do not justify relief under T.R. 60(B)(8). Specifically, Indiana Insurance asserts that INA suffered the judgment of dismissal because its attorney failed to exercise due diligence by regularly checking court records to ascertain the status of its complaint against Indiana Insurance. Therefore, Indiana Insurance contends that INA's motion fell within the terms of T.R. 60(B)(1) and that the motion was untimely because it was filed more than one year after the trial court had entered its judgment of dismissal.

Here, INA's Amended Complaint was dismissed pursuant to T.R. 41(E). T.R. 41(E) provides as follows:

**Failure to prosecute civil actions or comply with rules.** Whenever there has been a failure to comply with these rules or when no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case. The court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing. Dismissal may be withheld or reinstatement of dismissal may be made subject to the condition that the plaintiff comply with these rules and diligently prosecute the action and upon such terms that the court in its discretion determines to be necessary to assure such diligent prosecution.

■ "A dismissal for failure to prosecute or to comply with our Trial Rules pursuant to Trial Rule 41(E) is a dismissal with prejudice unless the trial court provides otherwise." *Browning v. Walters*, 620 N.E.2d 28, 32 (Ind.Ct.App.1993). Consequently, a motion made under T.R. 41(E) to reinstate a cause after a dismissal must be made under T.R. 60(B). *Lake County Trust No. 3190 v. Highland Plan Com'n*, 674 N.E.2d 626, 628 (Ind.Ct.App.1996), *trans. denied.*

■ A motion made under T.R. 60(B) is addressed to the "equitable discretion" of the trial court. *Id.* at 628. However, "the trial court's discretion is circumscribed and limited by the eight categories listed in T.R. 60(B)." *Blichert v. Brososky*, 436 N.E.2d 1165, 1167 (Ind.Ct.App. 1982). Nonetheless, the grant or denial of the T.R. 60(B) motion will be reversed only when the trial court has abused its discretion. *Fairfield v. Fairfield*, 538 N.E.2d 948, 949–50 (Ind.1989). In ruling on a T.R. 60(B) motion, the trial court is required to "balance the alleged injustice suffered by the party moving for relief against the interests of the winning party

and society in general in the finality of litigation." *Chelovich v. Ruff & Silvian Agency,* 551 N.E.2d 890, 892 (Ind.Ct.App. 1990). When the trial court's action is clearly erroneous, an abuse of discretion will be found. *Fairfield,* 538 N.E.2d at 950. A trial court's action is clearly erroneous when it is "against the logic and effect of the facts before it and the inferences which may be drawn therefrom." *Id.* This court has specifically held that: "[i]t is an abuse of the trial court's discretion to grant a motion under T.R. 60(B)(1)-(4) if more than one year has passed since the judgment was entered." *Id.*

■■■ Under T.R. 60(B), the burden is on the movant to establish grounds for relief. *McIntyre v. Baker,* 703 N.E.2d 172, 174 (Ind.Ct.App.1998). T.R. 60(B) is meant to afford relief from circumstances which could not have been discovered during the period a motion to correct error could have been filed; it is not meant to be used as a substitute for a direct appeal or to revive an expired attempt to appeal. *Snider v. Gaddis,* 413 N.E.2d 322, 324 (Ind.Ct.App.1980).

T.R. 60(B) provides in pertinent part as follows:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

* * *

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. . . .

■■ Because it had been over one (1) year since the trial court dismissed this case, the provisions of T.R. 60(B)(1)-(4) were unavailable to INA. Thus, INA filed its motion pursuant to T.R. 60(B)(8). T.R. 60(B)(8) allows the trial court to set aside a judgment within a reasonable time for any reason justifying relief "other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." T.R. 60(B)(8). "These residual powers under subsection (8) 'may only be invoked upon a showing of *exceptional circumstances justifying extraordinary relief,*' and is exclusive of other remedies available under T.R. 60(B)(1), (2), (3), and (4)." *Graham v. Schreifer,* 467 N.E.2d 800, 803 (Ind.Ct.App.1984) (citing *In re Marriage of Jones,* 180 Ind.App. 496, 389 N.E.2d 338, 340 (1979) (emphasis in original)).

This court has further explained the provisions of T.R. 60(B)(8) as follows:

T.R. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not

merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B). *Blichert,* 436 N.E.2d at 1167 (citations omitted). Thus, if INA's motion could have properly fallen under any of the provisions of T.R. 60(B)(1)-(4), T.R. 60(B)(8) is unavailable.

Indiana Insurance argues that INA's motion to reinstate properly fell under the provisions of T.R. 60(B)(1) because the default that was entered in this case was a result of mistake, surprise or excusable neglect. It is undisputed that INA's former counsel received notice of the T.R. 41(E) hearing and did not appear. Although INA's prior counsel claims to have filed a "Notice of Intent to Continue Cause" on March 28, 1997, INA's counsel did not follow up with the trial court to determine whether the trial court granted INA the relief sought in its' "Notice of Intent to Continue Cause." Additionally, INA's prior counsel did not contact the trial court to determine whether this Notice was sufficient for the trial court to remove the case from the scheduled "call of the docket" hearing. Furthermore, INA did not discover that the case had been dismissed until over eighteen (18) months after the dismissal occurred.

 It is the duty of an attorney to keep apprised of the status of pending matters before the court. *Sanders v. Carson,* 645 N.E.2d 1141, 1144 (Ind.Ct.App. 1995). An attorney has a duty to exercise due diligence by regularly checking court records to ascertain the status of pending cases and a failure by an attorney to perform this duty falls within the category of neglect. *Westlake v. Benedict,* 469 N.E.2d 27, 30 (Ind.Ct.App.1984). Thus, Indiana Insurance argues that even if INA's former counsel filed a "Notice to Continue Cause" with the trial court prior to the T.R. 41(E) hearing, as he claims, and even

though the trial court failed to notify the parties of the dismissal of this case, it was the duty of INA's counsel to keep apprised of the status of this case.

Indiana Insurance further supports its argument with this court's decision in *Blichert,* 436 N.E.2d 1165. The facts of the *Blichert* case are quite similar to the facts of the case at bar. In *Blichert,* the plaintiff's complaint was dismissed pursuant to T.R. 41(E), and although the plaintiff received notice of the T.R. 41(E) hearing, the plaintiff did not receive actual notice of the judgment of dismissal. *Id.* at 1166, fn. 1, 1167. Fifteen months after the *Blichert* case was dismissed, the plaintiff filed a motion to reinstate her cause of action under T.R. 60(B)(8) and the trial court granted this motion. *Id.* at 1167. On appeal, this court concluded that the plaintiff's case was dismissed due to her counsel's failure to exercise due diligence in regularly checking the court records. *Id.* at 1168. This court further concluded that the plaintiff's motion properly fell under T.R. 60(B)(1) and thus, was untimely. *Id.* at 1167, 1168. In coming to this conclusion, this court noted that:

> We point out that defendants who were served only by publication and who were without actual knowledge of the action and judgment are subject to the one year limitation under T.R. 60(B). Because Brososky was a plaintiff with actual knowledge that the action was pending, the merits of her petition for relief could not outweigh Blichert's interest in the finality of the litigation as a matter of law.

*Id.* at 1168.

 Although INA, like the plaintiff in *Blichert,* had actual knowledge of the pending cause of action and failed to keep apprised of the status of the case, unlike *Blichert,* there are exceptional circumstances in the present case justifying INA's relief from dismissal pursuant to T.R. 60(B)(8). We agree with Indiana Insurance that INA's former counsel should

have been more diligent, however, so too should counsel for Indiana Insurance and the responsible personnel in the Marion County Clerk's office who failed to send notice of the dismissal order to the parties. T.R. 72(E) grants the trial court the discretion to extend any time limitation for contesting a ruling where there is no proof of mailing by the Clerk of a copy of the ruling and where, as here, the party challenging such ruling has no actual notice of it. Therefore, unlike *Blichert,* where this Court focused upon the lack of due diligence by the plaintiff's attorney to find that T.R. 60(B)(8) did not apply, we instead focus upon the lack of due diligence and poor communication between both party's counsel and the Court Clerk to find that exceptional circumstances existed to justify relief from the dismissal pursuant to T.R. 60(B)(8).

In the present case, neither party appeared for the April 11, 1997 call of the docket hearing. On that date, the trial court took no action. On April 25, 1997, Indiana Insurance answered INA's discovery requests, and Indiana Insurance served INA with discovery requests. Thirty-five (35) days later, on May 16, 1997, the court entered an order of dismissal. Neither party received notice of the dismissal order. Thereafter, ongoing discovery continued and both parties continued with litigation of the case in the apparent belief that the case had not been dismissed. The record reveals that on December 1, 1998 INA's counsel received notice from the trial court that the case had been dismissed on May 16, 1997. Immediately upon learning of the dismissal, INA's counsel moved for relief from the dismissal by filing a Motion to Reinstate Cause of Action on December 3, 1998.

Furthermore, this action involves a claim for a considerable amount of money about which there is a good faith dispute. T.R. 1 directs us to construe the trial rules in ways that "secure the just, speedy and inexpensive determination of every action." We believe the trial judge was following this admonition when on the basis of the record before her she concluded that the failure of the original motion for continuance to reach the court's file, the failure of both parties to attend the hearing on the call of the docket, the fact that the parties continued discovery after the date set for the hearing, and the failure of the Clerk's office to notify the parties of the order of dismissal constituted exceptional circumstances and justified the invocation of T.R. 60(B)(8). Therefore, we conclude that the trial court properly granted INA's Motion to Reinstate Cause of Action.

Affirmed.

BAKER, J., and KIRSCH, J., concur.