## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 20 2018, 8:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Justin Norwood Morgan
Albuquerque, New Mexico

### IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of Name Change of Minor Child | September 20, 2018 |
| Justin Morgan,<br>*Appellant*, | Court of Appeals Case No. 18A-MI-653 |
| v. | Appeal from the Hendricks Superior Court |
| Meghan Price,<br>*Appellee*. | The Honorable Robert W. Freese, Judge |
| | Trial Court Cause No. 32D01-1505-MI-181 |

**Brown, Judge.**

[1] Justin Morgan ("Father"), *pro se*, appeals the denial of his motion to set aside judgment and motion to correct error. We affirm.

*Procedural History*

[2] On June 23, 2011, Father and Meghan Price ("Mother") had a child, and the child was named Brayson Norwood Morgan at the time of his birth. On May 18, 2015, Mother filed a petition for name change of minor requesting that the child's name be changed to Brayson Emerson Price. In November 2015, the court held a hearing and took the case under advisement. On April 13, 2016, the court held a hearing and entered an order granting Mother's petition and ordering the child's name changed to Brayson Emerson Price. On November 23, 2016, Brayson died, and as a result, on June 23, 2017, Mother was charged with conspiracy to commit the murder of Brayson and neglect of a dependent resulting in death as level 1 felonies and neglect of a dependent resulting in bodily injury as a class C felony.[1]

[3] On October 5, 2017, Father filed a "Motion for Relief from Judgment Pursuant to TR 60(B)(8)" which cited subparagraphs (1), (2), (3), and (8) of Rule 60(B). Appellant's Appendix Volume 2 at 11. Father argued in part that Mother knowingly misled the court in her testimony at the April 13, 2016 hearing. Father attached exhibits to his motion which included the transcript of the April 13, 2016 hearing and a news article dated July 21, 2017, related to Mother's

---

[1] In June 2018, Mother was convicted in connection with Brayson's death, and the court sentenced her to thirty-six years. Mother's criminal appeal is pending.

criminal charges. The April 13, 2016 hearing transcript reveals that the court asked Mother the last time Father had seen Brayson, and she replied "[i]t was the third weekend to [sic] December." *Id*. at 20. When the court asked the last time Father paid support, Mother replied that he paid about $300 the previous month and "I feel the paying of child support recently is to look good for the name change. Because he hasn't paid the actual support that was court ordered." *Id*. She indicated that in 2016 Father paid $18.78 in January, $77 in February, $386 in March, and $275 in April. She testified that "[e]very time we have a court case, that's when the child support starts coming in. But it's never consistent." *Id*. at 21. The court asked Mother if she requested the name change "to avoid any type of civil or criminal or any other type of [action]," and she replied "[n]o." *Id*.

[4] Father's Rule 60(B) motion argued that Father sought to show that, "as contemplated by the Indiana Rules of Trial Procedure 60(B)(1), (2), and (3), there is ample reason to set aside the judgment and Order issued on April 13, 2016 . . . on the basis of (respectively), excusable neglect or mistake; newly discovered evidence; and fraud or misrepresentation to the court," "[b]ut as the Court is well aware, the trial rules specify that a motion under those subsections must be filed within one year, and more than one year has passed." *Id*. at 14. "[Father] would urge the Court to . . . grant him such relief from the judgment . . . pursuant to TR 60(B)(8)." *Id*.

[5] On January 8, 2018, the court held a hearing at which Father testified that he resides in New Mexico, and that, after Brayson passed away, he obtained

various medical records of Brayson. Father indicated he had previously made a report to the Department of Child Services ("DCS"), and when asked to describe the circumstances, he answered "[i]t was right after . . . Brayson's femur got broke is when I learned that . . . there was a DCS report made in July . . . ." Transcript Volume 2 at 50. When asked "what year," Father replied "2014, I learned about Steven abusing Brayson and then . . . Brayson was left in the care with Steven when his femur broke" and that Steven was Mother's boyfriend. *Id*. Father testified that, after Mother was arrested, he learned of the cause of Brayson's death, and that there were a total of nine DCS reports.

[6] On January 9, 2018, the court issued an order providing:

1. On April 13, 2016, the Court entered an Order on Verified Petition for Change of Name of Minor.

2. Mother was the Petitioner in the original action and appeared without attorney at the hearing on April 13, 2016.

3. Father did not appear as Father was out of State.

4. Child died on November 23, 2016.

5. Mother has been charged criminally with the death of the child.

6. Father knew of the name change of the child no later than on or shortly after the death of the child.

7. Father had at least 4 months prior to one year after the entry of the Judgment on April 13, 2016 within which to file his Trial Rule 60 motion.

8. None of these reasons for Father's Petition were discovered after April 13, 2016.

9. On October 5, 2017, Father filed his Motion for Relief from Judgment.

10.  Hearing was held on January 8, 2018.

11.  Father's Motion for Relief from Judgment is DENIED.

Appellant's Appendix Volume 2 at 9. Father filed a motion to correct error, and the court denied his motion.

## Discussion

[7]  Father, *pro se*, maintains the trial court erred in denying his motion for relief from judgment "when there was newly discovered evidence found" regarding Mother trying to evade DCS and Mother's crimes against Brayson. Appellant's Brief at 16. Father argues "[i]n reality, as could readily be gleaned from the very title of his motion, [he] was filing his motion for relief pursuant to TR 60(B)(8), which did not contain a one-year time limit," he "was basing this motion . . . on newly discovered information," and he "alleged in his motion that [Mother] had committed fraud on the court." *Id*. at 18-19.

[8]  *Pro se* litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. We review a denial of a motion to correct error and a motion for relief from judgment for abuse of discretion. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied*. Mother has not filed an appellee's brief; thus, we may reverse if Father establishes *prima facie* error. *See Graziani v. D & R Const*., 39 N.E.3d 688, 690 (Ind. Ct. App. 2015).

[9]  Trial Rule 60(B) provides in part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:

(1)     mistake, surprise, or excusable neglect;

(2)     any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

* * * * *

(8)     any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. . . .

[10]     Under Trial Rule 60(B), the burden is on the movant to establish grounds for relief. *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 279 (Ind. Ct. App. 2000), *reh'g denied*, *trans. denied*. Rule 60(B) is meant to afford relief from circumstances which could not have been discovered during the period a motion to correct error could have been filed; it is not meant to be used as a substitute for a direct appeal or to revive an expired attempt to appeal. *Id*. The "residual powers under subsection (8) may only be invoked upon a showing of

exceptional circumstances justifying extraordinary relief, and is exclusive of other remedies available under T.R. 60(B)(1), (2), (3), and (4)." *Id.* (citations and internal quotation marks omitted). Thus, if Father's motion could have properly fallen under any of the provisions of Trial Rule 60(B)(1)-(4), then Trial Rule 60(B)(8) is unavailable. *See id.* at 280.

[11] Father's arguments are firmly based on newly discovered evidence and his allegation that Mother made misrepresentations at the April 13, 2016 hearing. To the extent Father's motion for relief from judgment was based on newly discovered evidence under Rule 60(B)(2) or on alleged fraud or misrepresentation under Rule 60(B)(3), we note that a motion under those subparagraphs must be filed not more than one year after the judgment and that Father's October 5, 2017 motion was filed more than one year after the court's April 13, 2016 judgment. Father was not entitled to relief under Rule 60(B)(2) or (3). To the extent Father's motion cited Rule 60(B)(8), we observe that Rule 60(B) expressly states that the court may relieve a party from a judgment under subparagraph (8) for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs . . . (2) [and] (3) . . . ." Because Father's motion "could have properly fallen under" Rule 60(B)(2) or (3), Rule 60(B)(8) was unavailable. *See Ind. Ins. Co.*, 734 N.E.2d at 280.

[12] Based upon the record, Father has not established *prima facie* error or that the trial court abused its discretion in denying his motion for relief from judgment and motion to correct error. For the foregoing reasons, we affirm.

[13]    Affirmed.

Altice, J., and Tavitas, J., concur.