## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 10:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dan J. May
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Matthew T. Black
Brian A. Clay
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gaylynn Burke,

*Appellant-Respondent,*

v.

David Burke,

*Appellee-Petitioner.*

November 27, 2019

Court of Appeals Case No.
19A-DR-1329

Appeal from the Howard Superior Court

The Honorable Brant J. Parry, Judge

Trial Court Cause No.
34D02-1512-DR-908

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Gaylynn Burke (Wife), appeals the trial court's post-dissolution Order denying Wife's Petition to Modify Decree for Fraud, but granting the Appellee-Petitioner's, David Burke (Husband), Cross Motion to Enforce Decree.

We affirm.

# ISSUES

Wife raises four issues on appeal, which we consolidate and restate as two issues:

(1) Whether the trial court abused its discretion by denying Wife's Petition to Modify Decree for Fraud; and

(2) Whether the trial court's grant of Husband's Cross Motion to Enforce Decree resulted in an impermissible modification of the Decree.

# FACTS AND PROCEDURAL HISTORY

Wife and Husband were married on April 28, 1997. No children were born of this marriage; however, the parties have children born from prior relationships. On December 3, 2015, the parties separated, and Husband filed a petition to dissolve the marriage. Wife remained in the marital home in Kokomo, Indiana.

During the discovery in the dissolution proceedings, Wife sent Husband a set of interrogatories. In question 14, Wife asked Husband whether he had ever

deposited any "money, documents, or other items of personal property," in a safe-deposit box, vault or safe. (Appellant's App. Vol. II, p. 39). Husband responded by stating that in the safe within the marital home, there were "[U.S.] [s]aving [b]onds, [g]uns, [and a] [c]oin [c]ollection." (Appellant's App. Vol. II, p. 39). In question 25, Wife asked Husband to list any property, including real, personal, or money, that Husband had acquired prior to or during his marriage to Wife. Husband responded as follows:

> a. Safe and its contents, sport equipment, tools, inheritance, *bonds*, living room TV, Roku, home speaker system, laptop, kindle, printer, wireless internet monitor/router, 4 handguns[,] 1 rifle, [and] coins.

> b. $1,500-$2,000 for computer and electronic equipment, *$22,000 in bonds* (total), firearms valued at $1,000, [and] coins valued at $300[.]

> c. Electronics were gift from son (he may still have receipts), guns were purchased through [Husband's] income, *$10,000 of bonds were inherited, $12,000 in bonds were purchased prior to the marriage*, [and] coins were purchased prior to marriage[.]

(Appellant's Exh. Vol. II, p. 43) (emphasis added).

[6] While the dissolution proceeding was pending, on July 28, 2016, Wife filed a motion, requesting the trial court to allow her to open the safe located in the parties' marital home so that she could inventory and value its contents. On August 3, 2016, the trial court issued an order directing the parties to

"coordinate a date and time certain for the opening and inventory of the safe" in the

> presence of a competent, neutral, local appraiser for the purpose of inventory and subsequent valuation. If the parties are unable to agree upon a date, time or appraiser for these purposes, the [c]ourt will establish the same upon either party's requests.

> Neither party shall remove <u>any</u> item, article, document, object or otherwise from the safe and the safe shall be re-sealed upon the completion of the inventory.

(Appellant's Corrected App. Vol. II, p. 52) (underline in original). Notwithstanding the trial court's order, Wife did not pursue the opening of the safe.

[7] On October 2, 2017, the trial court conducted a final contested hearing. During the hearing, among the things, Husband requested to be awarded were the "gun safe . . . sporting goods," and "tools" which he argued were valued at "$100,000.00." (Transcript pp. 19-20). Wife was asked if she agreed with Husband retaining the "gun safe, guns, sports equipment[,] or tools" and Wife stated that she had "no objection, none." (Tr. p. 63). During Wife's direct examination, Wife sought to admit Exhibit G, a list of the parties' marital assets and debts that she had prepared with the assistance of her attorney. In the "**Misc. Personality & Related Debt**" section, Wife listed the "Safe (Saving[s] Bonds, Guns, Coins)." (Exh. Vol. II, p. 43). No values were assigned to these assets, nor were they allocated to either party. The only evidence presented to

the trial court regarding the ownership of the savings bonds was Husband's response to Wife's interrogatories.

[8] Following that hearing, on December 8, 2017, the trial court entered its findings of facts and conclusions thereon, dissolving the parties' marriage (Decree). The trial court entered the following pertinent findings:

17. The [c]ourt finds that at the date of separation, the marital estate consisted of the following property:

| | |
|---|---|
| a. Marital residence | $161,500.00 |
| b. 2015 Traverse | lease |
| c. 2005 Chevy truck | $6,588.00 |
| d. [Wife's] Roth Account | $23,248.00 |
| e. [Wife's] 529 accounts | $44,567.29 |
| f. [Wife's] IRA | $325,540.00 |
| g. [Husband's] Edward Jones Accounts | $377,897.00 |
| h. [Husband's] Financial Builder's Account | $626.00 |
| i. [Husband's] PNC accounts | $2,774.00 |
| j. [Husband's] Solidarity accounts | $40,075.00 |
| k. [Husband's] PNC accounts | $4,561.00 |
| l. [Household Goods]to [Husband] | $100,000.00 |

18. The [c]ourt finds at the date of separation, the marital estate consisted of the following debt:

| | |
|---|---|
| a. Marital residence at PNC | $104,944.00 |
| b. Bank of America credit card ([Wife]) | $ 8,370.00 |

19. [Husband testified that he would like to retain his guns, gun safe, sports equipment, tools and coins. He valued these items at $100,000. [Wife] had no objection to that valuation. The parties agree to divide other personal property evenly with [Wife] receiving the old oak table, the old china cabinets (2), the old

dishes from her family, the bedroom suite she owned prior to marriage, and the television she bought after separation.

(Appellant's App. Vol. II, pp. 20-21). The trial court then entered the following conclusions.

34. [Wife] is awarded, as her sole and separate property, the residence located at 4745 E. 100 S., Flora, IN subject to the indebtedness thereupon, including, but not limited to, all mortgages, utilities, taxes, insurance, assessments, etc.

* * * *

36. [Husband] is awarded, as his sole and separate property, the 2005 Chevy Colorado subject to the debt, taxes, and insurance which he shall be obligated to pay.

37. [Husband] is awarded the *personal property contained in the safe. He is also awarded the safe itself*. Further, [Husband] is awarded his guns, coins, sports equipment, tools, and any other gun safes. [Husband] is also awarded other personal property currently in his possession.

38. [Wife] is awarded the remaining contents of the marital residence, not specifically set over to [Husband] in paragraph 37.

(Appellant's Corrected App. Vol. II, p. 23) (emphasis added). The Decree contained a balance sheet specifying which assets and debts were assigned to the parties. As per his request, Husband was assigned the "Safe: guns, coins, [and] tools" which were valued at "$100,000." (Appellant's App. Vol. II, p. 26). Also, because the trial court employed a 50/50 distribution of the marital

estate between the parties, the balance sheet showed that Husband was to pay Wife an equalization sum of "$42,090." (Appellant's App. Vol. II, p. 26).

[9] Following the entry of the Decree, the safe was opened but was found to be empty. Husband reported the guns as stolen and reported to the U.S. Treasury Department that the savings bonds were lost. On December 15, 2018, Husband, through his counsel, requested Wife to "consent to assigning certain savings bonds" to Husband. (Appellant's Corrected App. Vol. II, p. 29). Instead of responding to the request, on January 28, 2019, Wife filed a Petition to Modify Decree for Fraud, pursuant to Indiana Code section 31-15-2-17(c), Indiana Code section 31-15-7-9.1, and Trial Rule 60(B)(8), alleging that Husband had concealed evidence regarding the existence of the savings bonds during the dissolution proceedings and further, the Decree "did not divide the same." (Appellant's App. Vol. II, p. 27). Thus, Wife requested a modification of the Decree.

[10] On January 22, 2019, Husband filed his response to Wife's petition, alleging that during "discovery" he disclosed to Wife that he had "[U.S.] [s]avings bonds in the safe kept at the marital residence." (Appellant's App. Vol. II, p. 30). Husband claimed that Wife conceded during the divorce proceedings that Husband should be awarded the safe and its contents which also contained the savings bonds. Thus, Husband claimed that he did not conceal the existence of the savings bonds. Husband simultaneously filed a Cross Motion to Enforce Decree, in which he maintained that Wife was aware of the existence of the

savings bonds inside the safe, and the Decree which awarded him the safe and all its contents should be enforced.

[11] On February 4, 2019, Wife filed a reply to Husband's response and Cross Motion. To the extent that Husband argued that the Decree awarded him the savings bonds, Wife claimed that the balance sheet attached to the Decree listed all the parties' assets and debts, and the balance sheet did not include savings bonds. Wife additionally argued that "there was no testimony about the existence of, or the savings bonds, and the court failed to divide the same. Clearly, the court neither divided nor considered the savings bonds, now claimed by [] Husband as his property." (Appellant's Corrected App. Vol. II, p. 85).

[12] On March 7, 2019, the trial court conducted a hearing as to Wife's Petition to Modify Decree for Fraud and Husband's Cross Motion to Enforce Decree. Arguing that Husband had committed fraud, Wife testified that the Decree did not mention anything "about the savings bonds" and that Husband "never brought up" the issue "in the divorce proceedings." (Tr. pp. 73-74). During cross examination, Wife conceded that she had agreed that Husband should be awarded the safe and its contents, which also included the savings bonds. Notwithstanding her prior testimony, when questioned as to whether it was her understanding that the savings bonds were located inside the safe, Wife stated she "never looked in the safe." (Tr. p. 76). Wife additionally claimed that she was unaware her attorney had sent interrogatories to Husband during discovery

where Husband had confirmed that there were savings bonds valued at $22,000 inside the safe.

[13] On May 22, 2019, the trial court issued an Order, entering findings of fact and conclusion thereon, denying Wife's Petition to Modify Decree for Fraud, but granting Husband's Cross Motion to Enforce Decree. In pertinent part, the trial court concluded as follows:

> 1. [Wife] asserts three grounds under which she believes the Petition to Modify Decree for Fraud should be granted: I.C. [§] 31-15-2-17[(c)], I.C. [§]31-15-7-9.1, and Trial Rule 60(B)(8).

> 2. Under Trial Rule 60(B)(8), a court may relieve a party or his legal representative from a judgment, for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)".

> 3. Trial Rule 60(B)(3) specifically discusses fraud and indicates that a [m]otion under that section must be brought within one year. Therefore, Trial Rule 60(B) does not apply.

> 4. I.C. [§] 31-15-2-17 applies to agreements. This matter was resolved after a contested hearing. Therefore, this code section does not apply.

> 5. I.C. [§] 31-15-7-9.1 indicates that orders concerning property disposition may not be modified, "except in the case of fraud".

> 6. Fraud is an "unconscionable plan or scheme used to improperly influence the court's decision.["] *Stanger v. Sorrell*, 776 N.E.2d 353, 357 (Ind. 2002).

7.  In this case, [Husband] did disclose [] the existence of the savings bonds.  He answered in the interrogatories that they existed.  [Husband] disclosed the location of the bonds and even placed a value [on] them.

8.  After receiving the interrogatories, [Wife] requested the ability to open the safe, which was in her possession, and have it inventoried and appraised.  The [c]ourt granted her request.  However, she neglected to follow through with her request.

9.  The evidence before the court at the final hearing was that [U.S.] [s]avings bonds existed, and that they were located within the safe.  [Husband] even gave a value to the safe and its contents at $100,000 to take the value of the bonds into account. [Wife] did not object to that valuation.

10.  It was the intent of the [c]ourt to award the contents of the safe, which by [Wife's] own testimony was to contain bonds, to [Husband].  Through a scrivner's [sic] error, the [c]ourt failed to include the word "bonds" in the Decree and/or Asset sheet.

11.  [Husband] is entitled to possession of the [savings] bonds.

(Appellant's Corrected App. Vol. II, pp. 11-12).

Wife now appeals.  Additional information will be provided as necessary.

# DISCUSSION AND DECISION

### I. *Petition to Modify Decree for Fraud*

Wife contends that the trial court abused its discretion by denying her motion for relief from judgment—*i.e.*, her Petition to Modify Decree for Fraud.  Wife's

petition was made pursuant to Trial Rule 60(B)(8), and Indiana Code section 31-15-7-9.1.[1]

[16]    Trial Rule 60(B) provides in part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> * * * *
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

---

[1] Wife also relied on Indiana Code section 31-15-2-17(c) which provides that the "disposition of property settled by an agreement described in subsection (a) and incorporated and merged into the decree is not subject to subsequent modification by the court, except as the agreement prescribes or the parties subsequently consent." As correctly noted by the trial court, the disposition of this case was through a contested hearing, thus, the section was inapplicable to Wife's petition, and we also find is irrelevant in this appeal.

> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense . . . .

[17] A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion. *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 279 (Ind. Ct. App. 2000), *trans. denied*. Under Trial Rule 60(B), the burden is on the movant to establish grounds for relief. *Id.* T.R. 60(B) is meant to afford relief from circumstances which could not have been discovered during the period a motion to correct error could have been filed; it is not meant to be used as a substitute for a direct appeal or to revive an expired attempt to appeal. *Id.*

[18] It is undisputed that Wife's Petition to Modify Decree for Fraud was filed more than one year after the Decree was entered. Because it had been over one year since the trial court entered the Decree in this case, the provisions of T.R. 60(B)(1)-(4) were unavailable to Wife. Thus, Wife pursued her petition partly under T.R. 60(B)(8).

[19] T.R. 60(B)(8) allows the trial court to set aside a judgment within a reasonable time for any reason justifying relief "other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." T.R. 60(B)(8). "These residual powers under subsection (8) 'may only be invoked upon a showing of *exceptional circumstances justifying extraordinary relief*,' and is exclusive of other remedies available under

T.R. 60(B)(1), (2), (3), and (4)." *Graham v. Schreifer*, 467 N.E.2d 800, 803 (Ind.Ct.App.1984) (citing *In re Marriage of Jones*, 180 Ind. App. 496, 389 N.E.2d 338, 340 (1979) (emphasis in original)). This court has further explained the provisions of T.R. 60(B)(8) as follows:

> T.R. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).

*Blichert v. Brososky*, 436 N.E.2d 1165, 1167 (Ind. Ct. App. 1982) (citations omitted). Thus, if Wife's petition could have properly fallen under any of the provisions of T.R. 60(B)(1)-(4), T.R. 60(B)(8) is unavailable.

[20] In her brief, Wife only alleges that extraordinary circumstances existed since Husband "allegedly knew within one year of the dissolution decree that the safe granted to him was empty but waited till [sic] after the one year time limits had passed, to request that [Wife] sign off on the missing" savings bonds. (Appellant's Br. p. 16). As noted, there are certain requirements for a Trial Rule 60(B)(8) motion. Wife had to show that: 1) she brought her claim within a reasonable time in light of the circumstances of the case; 2) extraordinary or exceptional circumstances justify that relief existed; and 3) she had alleged a

meritorious claim or defense. *See Parham v. Parham*, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006). Wife brought her claim after two years, and based on the instant circumstances, this was within a reasonable timeframe. However, Wife fails the second prong. In particular, Wife failed to show that extraordinary circumstances existed other than those circumstances enumerated in the preceding subsections of T.R. 60(B). Wife's arguments were firmly grounded on her allegation that Husband committed fraud—*i.e.*, that Husband failed to disclose to the trial court the existence of the savings bonds during the divorce proceedings. Wife's petition could have properly fallen under T.R 60(B)(3) which addresses fraud; therefore, Wife could not seek relief under T.R.60(B)(8). Lastly, Wife was also required to present a meritorious defense. A meritorious claim or defense is one showing that, if the case were tried on the merits, a different result would be reached. *Parham,* 855 N.E.2d at 728. Evidence was presented through Husband's interrogatories that savings bonds existed and had been stored in the safe within the marital home. Wife did not dispute their existence during the divorce proceedings, nor did she dispute Husband being awarded the safe and its contents. Based on the evidence, we conclude that Wife's arguments were inadequate under Trial Rule 60(B)(8), and the trial court did not abuse its discretion by refusing to grant Wife's petition.

[21] Wife's Petition to Modify Decree for Fraud also relied on Indiana Code section 31-15-7-9.1. Indiana Code section 31-15-7-9.1(a), provides in relevant part, that the "orders concerning property disposition entered under this chapter . . . may not be revoked or modified, except in case of fraud." Indeed, a strong policy

favors the finality of property-division orders. *Shepherd v. Tackett*, 954 N.E.2d 477, 480 (Ind. Ct. App. 2011). One purpose of this policy is to eliminate vexatious litigation that often accompanies dissolution of marriages. *Rohrer v. Rohrer*, 734 N.E.2d 1077, 1082 (Ind. Ct. App. 2000). "Fraud has been defined as extrinsic if the fraudulent matter prevents a trial of the issue in the case or improperly procures the court's jurisdiction." *In re Marriage of M.E.*, 622 N.E.2d 578, 582 (Ind. Ct. App. 1993). The doctrine of fraud on the court is narrowly applied and limited to egregious circumstances where an unconscionable plan or scheme is used by a party to improperly influence the court's decision and where such acts prevent the losing party from fully and fairly presenting his case. *See Rocca v. Rocca*, 760 N.E.2d 677 (Ind. Ct. App. 2002), *trans. denied.* If fraud is alleged, it must be asserted not later than six years after the property-division order is entered. I.C. § 31-15-7-9.1(b).

[22] Wife filed her motion for relief from judgment alleging fraud approximately two years after the Decree was entered by the trial court. In her brief, Wife argues that Husband perpetrated fraud on the court since Husband had "knowledge that there were $22,000.00 in savings bonds not contained in the court's [D]ecree," and that Husband waited "until one year had passed before seeking to have them re-issued." (Appellant's Br. p. 18).

[23] Contrary to Wife's claims, upon an examination of the record, we cannot conclude that Husband established an unconscionable plan or scheme to defraud the court, or improperly procured the trial court's jurisdiction through fraud. Following a hearing on Wife's petition, and Husband's cross motion,

the trial court reviewed the transcript of the divorce proceedings and all of the evidence presented at the final contested hearing, and it determined that Husband had requested to be awarded the safe and its contents, which included the savings bonds. Further, Husband presented evidence at the dissolution hearing that the value of the safe and its contents was $100,000. Wife then testified that she concurred with Husband's valuation and the award of the safe and its contents to Husband. Given that evidence was presented regarding the location of the savings bonds in the safe, and Wife accepted that Husband should be awarded all the items in the safe, we cannot say that the record supports a conclusion that Husband perpetrated fraud on the court. Therefore, we affirm the trial court's denial of Wife's Petition to Modify Decree for Fraud pursuant to Indiana Code section 31-15-7-9.1.

## II. *Cross Motion to Enforce Decree*

Wife additionally argues the trial court's grant of Husband's Cross Motion to Enforce Decree resulted in an impermissible modification of the Decree. A court that issues a dissolution decree retains jurisdiction to interpret, clarify, and enforce its decree. *Fackler v. Powell*, 839 N.E.2d 165, 167-69 (Ind. 2005). Dissolution orders regarding property disposition, however, may not be revoked or modified by the court, except in the case of fraud. I.C. § 31-15-7-9.1. *See also In re Marriage of Preston*, 704 N.E.2d 1093, 1099 (Ind. Ct. App. 1999) (holding that the "trial court could not modify or revoke the first decree absent fraud, duress or undue influence[.]").

Our fair reading of the Order denying Wife's Petition to Modify Decree for Fraud, and grant of Husband's Cross Motion to Enforce Decree, indicates that the trial court was simply enforcing the Decree and not modifying it. In particular, the trial court concluded, that the "evidence before the court at the final hearing was that [] savings bonds existed, and they were located in the safe." (Appellant's App. Vol. II, p. 12). The trial court further concluded that it was the "intent of the [c]ourt to award the content of the safe" to Husband "which by [Wife's] own testimony was to contain [the savings] bonds." (Appellant's App. Vol. II, p. 12). Thus, it is evident that as of the date of the Decree, the trial court determined Husband was entitled to the safe and its contents, which also included the savings bonds. Accordingly, we find no error with the trial court's Order enforcing the Decree.

# CONCLUSION

In sum, we conclude that the trial court did not abuse its discretion by denying Mother's Petition to Modify Decree for Fraud. Further, we conclude that the trial court's Order enforcing the Decree did not constitute an improper modification of the Decree.

We affirm.

Vaidik, C. J. and Bradford, J. concur