## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2020, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Heather M. O'Farrell
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Paul R. Sadler
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Tosha Ferron,
*Appellant-Defendant,*

v.

Kenneth Ferron,
*Appellee-Plaintiff.*

September 10, 2020

Court of Appeals Case No.
20A-DN-75

Appeal from the Hamilton
Superior Court

The Honorable Jonathan M.
Brown, Judge

Trial Court Cause No.
29D02-1709-DN-8254

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Tosha Ferron (Wife), appeals the trial court's post-dissolution Order denying her Motion to Set Aside Decree of Dissolution of Marriage for Fraud.

We affirm.

# ISSUE

Wife raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by denying Wife's Motion to Set Aside Decree of Dissolution of Marriage for Fraud.

# FACTS AND PROCEDURAL HISTORY

Wife and Appellee-Petitioner, Kenneth Ferron (Husband), were married on January 10, 2005. No children were born of this marriage and the parties resided in Noblesville, Indiana.

On September 6, 2017, Husband filed a petition to dissolve the marriage. Both parties were represented by counsel during various portions of the proceedings. On December 12, 2017, Wife's attorney filed his motion to withdraw, and he indicated that Wife had "not retained counsel for further representation in this matter." (Appellee's App. Vol. II, p. 2). On December 15, 2017, Husband's attorney presented Wife with the Settlement Agreement, and without any advice from counsel, Wife subsequently executed that agreement.

[6]     On January 8, 2018, after the parties waived a final dissolution hearing, the trial court entered an order dissolving the parties' marriage (Decree). The Settlement Agreement was incorporated in the Decree as follows:

> The parties heretofore have entered into a [] ***Settlement Agreement*** and the same is being filed contemporaneously with this ***Decree***. This ***Agreement*** was entered into between the parties following a separation, not followed by a reconciliation, and has been entered into fairly, without fraud, duress or undue influence, and its provisions are equitable. The parties have read the ***Agreement*** and understand and comprehend its terms. The [c]ourt, in its discretion, finds that the terms and provisions of the ***Agreement*** of the parties are approved in all respects and are in complete discharge of the property rights of the parties arising from the marriage relationship.

(Appellant's App. Vol. II, p. 16) (emphasis in original).

[7]     Prior to their divorce, they had established a company, Right Choice Food LLC, and through that company, they operated a pizza franchise, Little Caesars. As to the management of their franchise business, the Settlement Agreement provided that:

> 3. . . . The parties will collectively continue to run Right Choice Food, LLC DBA Little Caesars jointly according to the terms of their operating agreement.

(Appellant's App. Vol. II, p. 20).

[8]     On July 2, 2019, more than a year after the Decree was entered, Wife filed her Motion to Set Aside Decree of Dissolution of Marriage for Fraud. Wife argued

that prior to signing the Settlement Agreement, Husband persuaded her to terminate her own attorney from the divorce proceedings and continue with his attorney, and that shortly thereafter, she was "induced" into signing the Settlement Agreement without the advice of counsel. (Appellant's App. Vol. II, p. 10). Wife additionally claimed that

8. Prior to their dissolution of marriage, the parties were part owners with Wife's family of a Little Casear's (sic) Pizza franchise ("franchise"). The franchise was held in a limited liability company, Right Choice Food, LLC.

9. The parties' interest in Right Choice Food, LLC, was expressly treated in paragraph numbered 3 under the heading "Property Division." That paragraph states: "3. Right Choice Food, LLC DBA Little Casears (sic). The parties will collectively continue to run Right Choice Food, LLC DBA Little Casears (sic) jointly according to the terms of their operating agreement."

10. Paragraph 3 fails to divide the parties' ownership interest in the franchise, and only treats how the franchise is to be "run."

11. Prior to the dissolution of marriage, [Wife] was an active participant in the operation of Right Choice Food, LLC, and participated in the profits from said franchise.

12. After the dissolution, [Husband] has excluded [Wife] from operation of the franchise, secretly removed her as the LLC's Registered Agent, and refuses to provide any financial information concerning the franchise to [Wife], much less any profits.

13. [Wife] has learned after the dissolution that the operating documents of the [f]ranchise now list only [Husband] as a member of the Right Choice Food, LLC, and that [Wife] was excluded from the membership roll.

* * * *

15. In this case, by refusing to provide discovery disclosing the parties' assets, by inducing [Wife] to terminate her attorney, by inducing [Wife] to execute a Settlement Agreement while her attorney was still in the case (in violation of Indiana Rule of Professional Conduct 4.2), and by making representations that [Wife] would continue to participate in the operation of the Franchise as a participating member after the dissolution as before the dissolution, [Husband], did defraud [Wife].

16. Notwithstanding the issue of fraud, the Settlement Agreement fails to properly divide the parties' ownership interest in Right Choice Food, LLC. Where terms of a settlement agreement are ambiguous, other evidence of the parties intent should be considered to resolve the conflict. . . .

(Appellant's App. Vol. II, pp. 11-13).

On September 20, 2019, Husband responded by filing a motion to dismiss and he argued among other things that Wife's motion was in essence a motion to modify the Decree and was untimely pursuant to Indiana Trial Rule 60(B) because it had been filed more than one year after the Decree was entered.

On December 10, 2019, the trial court conducted a hearing as to Wife's motion to set aside the Decree for fraud and Husband's motion to dismiss. At the outset, and with Wife's agreement, the trial court accepted Husband's request

to first hear his legal arguments as to his motion to dismiss. Husband's counsel proceeded to argue that pursuant to Indiana Trial Rule 60(B)(3), Wife's motion for relief from judgment was untimely because it had been made more than a year after the date the Decree was entered. In excuse of her belated motion, Wife claimed that her motion was pursuant to T.R.60(B)(8), which permitted such a motion if filed within a reasonable time. Notwithstanding Wife's argument that her motion met the threshold under T.R.60(B)(8), the trial court found that Wife's motion to set aside the Decree for fraud was made pursuant to T.R. 60(B)(3) and, therefore, was untimely. Thus, the trial court granted Husband's motion to dismiss, thereby denying Wife's motion.

[11] Wife now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

[12] Wife contends that the trial court abused its discretion by denying her motion for relief from judgment—*i.e.*, her motion to set aside the Decree for fraud. While Wife did not cite to a specific rule in her motion to set aside the Decree for fraud, at the evidentiary hearing, Wife explained that she was proceeding pursuant to Indiana Trial Rule 60(B)(8). We will therefore analyze her motion accordingly.

[13] A motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion. *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 279 (Ind. Ct. App. 2000), *trans. denied*. Under T.R. 60(B), the burden is on the movant to establish grounds for relief.

*Id.* T.R. 60(B) is meant to afford relief from circumstances which could not have been discovered during the period a motion to correct error could have been filed; it is not meant to be used as a substitute for a direct appeal or to revive an expired attempt to appeal. *Id.*

[14] T.R. 60(B) provides in part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1) mistake, surprise, or excusable neglect;
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;
>
> * * * *
>
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

> The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense . . . .

[15] It is undisputed that Wife's motion to set aside the Decree for fraud was filed more than one year after the Decree was entered. Because it had been over one year from the time that the trial court entered the Decree in this case, the provisions of T.R. 60(B)(1)-(4) were unavailable to Wife. Thus, any provision under which Wife's motion could have been granted would only have been under T.R. 60(B)(8).

[16] T.R. 60(B)(8) allows the trial court to set aside a judgment within a reasonable time for any reason justifying relief "other than those reasons set forth in subparagraphs (1), (2), (3), and (4)." T.R. 60(B)(8). "These residual powers under subsection (8) 'may only be invoked upon a showing of *exceptional circumstances justifying extraordinary relief*,' and is exclusive of other remedies available under T.R. 60(B)(1), (2), (3), and (4)." *Graham v. Schreifer*, 467 N.E.2d 800, 803 (Ind. Ct. App. 1984) (citing *In re Marriage of Jones*, 180 Ind. App. 496, 389 N.E.2d 338, 340 (1979) (emphasis in original)). This court has further explained the provisions of T.R. 60(B)(8) as follows:

> T.R. 60(B)(8) is an omnibus provision which gives broad equitable power to the trial court in the exercise of its discretion and imposes a time limit based only on reasonableness. Nevertheless, under T.R. 60(B)(8), the party seeking relief from

the judgment must show that its failure to act was not merely due to an omission involving the mistake, surprise or excusable neglect. Rather some extraordinary circumstances must be demonstrated affirmatively. This circumstance must be other than those circumstances enumerated in the preceding subsections of T.R. 60(B).

*Blichert v. Brososky*, 436 N.E.2d 1165, 1167 (Ind. Ct. App. 1982) (citations omitted).

[17] According to T.R. 60(B)(8) motion, Wife had to show that: (1) she brought her claim within a reasonable time in light of the circumstances of the case; (2) extraordinary or exceptional circumstances justify that relief existed; and (3) she had alleged a meritorious claim or defense. *See Parham v. Parham*, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006). Wife filed her claim after eighteen months from which the circumstances arose, and we conclude that this was within a reasonable timeframe. However, Wife's motion fails on the second prong. Wife failed to show that extraordinary circumstances, existed other than those circumstances enumerated in the preceding subsections of T.R. 60(B). Wife's arguments are strongly grounded on her allegation that Husband committed fraud—*i.e.*, that Husband failed to disclose to the trial court that the operating agreement ousted her from the operations of Little Caesars, an act contrary to the provisions of the Settlement Agreement which required joint operation of the parties. Wife's motion could have properly fallen under T.R 60(B)(3) which addresses fraud; therefore, Wife could not seek relief under T.R.60(B)(8).

[18] Lastly, Wife was also required to present a meritorious defense. As noted, a meritorious claim or defense is one showing that, if the case were tried on the merits, a different result would be reached. *Parham,* 855 N.E.2d at 728. At the evidentiary hearing, in support of her fraud claim against Husband, Wife asserted that during discovery Husband failed to provide or offer details of the operating agreement which ousted her from the operations of Little Caesars. Contrary to Wife's claims, the Settlement Agreement, which was incorporated in the Decree, stated that the agreement was entered into fairly, without fraud, duress or undue influence, and its provisions are equitable. The fact that the Settlement Agreement explicitly referred to the operating agreement would indicate that Wife knew of the particulars she now claims were concealed by Husband during discovery, and if she was unaware, she should have completed further discovery, investigated the issue, or otherwise be represented by an attorney to help her interpret the provisions of the Settlement Agreement. Based on the evidence, we conclude that Wife's arguments were inadequate under Trial Rule 60(B)(8), and the trial court did not abuse its discretion by refusing to grant Wife's motion.

## CONCLUSION

[19] In sum, we conclude that the trial court did not abuse its discretion by denying Wife's motion to set aside the Decree for fraud.

[20] We affirm.

[21] May, J. and Altice, J. concur