FILED

May 09 2018, 8:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Bryan L. Ciyou
Darlene R. Seymour
Ciyou & Dixon, PC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Andrea L. Ciobanu
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Angela R. Bello,

*Appellant-Petitioner,*

v.

Clement A. Bello,

*Appellee-Respondent.*

May 9, 2018

Court of Appeals Case No.
49A02-1711-DR-2516

Appeal from the Marion Superior
Court

The Honorable John M.T. Chavis,
Judge

The Honorable Caryl Dill,
Magistrate

Trial Court Cause No.
49D12-0902-DR-4946

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, Angela R. Bello (Mother), appeals the trial court's denial of her motion for relief from the trial court's Order finding her in contempt and from the trial court's award of attorney's fees in favor of Appellee-Respondent, Clement A. Bello (Father).

We affirm.

# ISSUE

Mother presents us with one issue on appeal, which we restate as: Whether the trial court abused its discretion in denying her motion for relief from judgment pursuant to Indiana Trial Rules 60(B) and 60(C).

# FACTS AND PROCEDURAL HISTORY

Mother and Father were married on May 22, 2005. During the marriage, one child, K.B., was born on July 1, 2007. On November 23, 2010, a decree of dissolution of marriage was issued, awarding Mother sole physical custody of K.B., with the parties sharing legal custody. The trial court granted Father parenting time with an overnight stay every Wednesday and alternating weekends. Father was entitled to alternating weeks during the summer and all other parenting time would follow the Indiana Parenting Time Guidelines. Father was ordered to pay a weekly child support obligation of $75.

On February 18, 2016, Father filed a verified motion for rule to show cause, modification in child custody/parenting time, and reimbursement of attorney's

fees. In his motion, Father contended that Mother was deliberately "hindering the [F]ather-son relationship" and interfering with his parenting time. (Appellant's App. Vol. II, p. 28). After a hearing on Father's motion, the trial court issued its Order on June 28, 2016, concluding, in pertinent part:

3. The child was in preschool or day care at the time of the dissolution and the decree was silent on the issue of extracurricular activities and the expense related thereto. However, the term "upbringing" as set forth in the decree is very broad and all-encompassing. Therefore, decisions regarding health, education, religion and extracurricular activities should be made jointly and paid for jointly according to each parties' share of income.

* * * *

5. Father alleged that Mother withheld parenting time for a month prior to the date of filing of the petition. He alleges that the child is signed up for so many sports that the practices and games interfere with his parenting time. . . . . Father alleges that Mother told him he could not have parenting time if he does not take [K.B.] to practices.

6. Mother did not dispute that the child has been involved in indoor and outdoor soccer, karate and self-defense classes, swimming, flag football, basketball, scouting and summer camps since he was two or three years old. While she testified that the sports have seasons, some activities do overlap and result in games or practices or meetings almost every night of the week and weekends. According to Mother's testimony, she provides Father with information about school events and conferences as well as all of the activities including, the cost, practice schedules and game schedules and coach meetings, but Father does not participate in the decision making, financing or attending the

activities. Father stated that he did not agree to enroll their son in all of these activities, he just didn't complain until now. His acquiescence is considered a waiver.

7. Father expressed concern that [K.B.] is not doing well in school because of the emphasis on sports and extracurricular activities. He was concerned about [K.B.'s] scores on the pass/fail ISTEP and I READ tests. As a result, he has engaged a tutor for [K.B.], adding one more thing to an already over-booked schedule.

* * * *

12. It is clear that both parties have the best interest of the minor child at heart and want the best for him. At least they agree that academics should take precedence over athletics.

* * * *

14. The [c]ourt finds that [K.B.] is over-involved in sports and extracurricular activities for his age. The [c]ourt finds that he should not be signed up for more than one sport and one other activity per sports season. The parents shall discuss the options with each other and with [K.B.] to agree upon which activities he will participate in. []

(Appellant's App. Vol. II, pp. 34-36). Based on these findings, the trial court denied Father's request to hold Mother in contempt or to modify custody and/or parenting time.

On March 1, 2017, Father filed his second verified motion for rule to show cause, alleging that Mother continued to refuse to consult Father and obtain his

agreement prior to enrolling K.B. in extracurricular activities. Father claimed that by overscheduling K.B., Mother is more concerned with the child "playing sports than she is [with] his academic performance." (Appellant's App. Vol. II, p. 42). K.B.'s participation in numerous extracurricular activities resulted in a significant loss of parenting time for Father. After a hearing, the trial court issued its Order on August 11, 2017, concluding, in pertinent part:

> 5. Despite the [c]ourt's orders and admonitions in the 2016 Order, Mother continues to enroll the child in soccer, swimming, basketball, karate, conditioning and training, scouts, and multiple camps all of which interfere with Father's parenting time and usurp his authority to practice in decision making. In addition, Mother has taken [K.B.] on trips and allowed him to attend parties or sleepovers that have prevented Father's parenting time.

> 6. Father's decision not to attend games and practices hurts him and the child because it deprives him of being with the child and watching him participate in activities. Father can make an objection or note that he is not acquiescing or condoning the activities by attending.

> 7. As a result of Mother overscheduling [K.B.] as well as Father's refusal to attend activities, Father has missed 42 overnights. Father shall be entitled to exercise parenting time one additional weekend per month until the 42 overnights are made up. The parties shall agree on which weekend that will occur.

> 8. Mother is in contempt of court for failure to abide by this court's order of June 28, 2016 as well as the joint legal custody provision of the decree.

9. Mother's overscheduling of [K.B.] has also had a negative effect on his academic performance necessitating tutoring and academic enrichment classes which causes additional overcommitment.

10. All none [sic] school activities for [K.B.] are ordered terminated unless agreed to by both parties in writing before he is enrolled.

11. In any event, [K.B.] shall not participate in any activity that requires more than one evening per week unless it is academically necessary tutoring agreed to by the parties. []

13. As a result of Mother's contempt, Father is entitled to a reasonable attorney fee. Counsel is directed to submit an attorney fee affidavit within five days. If it is not submitted, Father waives contribution to his attorney fees.

(Appellant's App. Vol. II, pp. 51-52). By Order of September 1, 2017, the trial court required Mother to pay $2,500 towards Father's attorney's fees. On September 8, 2017, Mother filed a motion for relief from the trial court's Orders pursuant to Indiana Trial Rule 60(B) and 60(C). The trial court summarily denied Mother's motion on October 3, 2017.

Mother now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

Indiana Trial Rule 60(B) provides a mechanism by which a party may obtain relief from the entry of a final judgment. *Laflamme v. Goodwin*, 911 N.E.2d 660, 664 (Ind. Ct. App. 2009). In ruling on a T.R. 60(B) motion, the trial court is

required to "balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation." *Indiana Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 278 (Ind. Ct. App. 2000), *trans. denied.* Thus, "[a] motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion." *Brimhall v. Brewster*, 864 N.E.2d 1148, 1152-53 (Ind. Ct. App. 2007), *trans. denied.* An abuse of discretion occurs when the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. *Indiana Ins. Co.*, 734 N.E.2d at 278. When the trial court's action is clearly erroneous, an abuse of discretion will be found. *Brimhall*, 864 N.E.2d at 1153.

[9] Under a motion for relief from judgment, "the trial court's discretion is circumscribed and limited by the eight categories listed in T.R. 60(B)." *Indiana Ins. Co.*, 734 N.E.2d at 278. As such, T.R. 60(B) is meant to afford relief from circumstances which could not have been discovered during the period a motion to correct error could have been filed; it is not meant to be used as a substitute for direct appeal or to revive an expired attempt to appeal. *Snider v. Gaddis*, 413 N.E.2d 322, 324 (Ind. Ct. App. 1980). The burden is on the movant to establish grounds for relief under T.R. 60(B). *Indiana Ins. Co.*, 734 N.E.2d at 279.

[10] In her motion for relief from judgment, filed before the trial court on September 8, 2017, Mother requested a generic relief "from Order(s), pursuant to Indiana Trial Rule 60(B) . . ., of August 11, 2017 and September 1, 2017[.]"

(Appellant's App. Vol. II, p. 58).  Failing to specify the specific category of

T.R.60(B), Mother claimed:

> 3.  In its Order of August 11, 2017, the court found Mother in contempt relating to Father's missed parenting time associated with the parties' minor child participating in extracurricular activities, and also awarded Father, attorney fees relating to the contempt proceedings.

> 4. In making its ruling, the court did not consider evidence relating to Father's intentional and continuous absence and neglect of his own parenting time, nor of his efforts to utilize the court to try to avoid his financial support obligations of the child.

(Appellant's App. Vol. II, p. 58).  The trial court summarily denied Mother's

motion on October 3, 2017.

[11]    Mother filed her notice of appeal on November 2, 2017, contending to appeal

the "Order on Motion for Relief from Orders," dated October 3, 2017.

However, rather than developing her argument on the specific categories of

T.R. 60(B) in her appellate brief, her brief abandons all references to the motion

and instead proceeds as if she filed a direct appeal against the trial court's

Orders of August 11, 2017 and September 1, 2017.  Mother fails to point to any

mistake, surprise, newly discovered evidence, fraud, or any other ground which

could support her motion for relief from judgment and her appeal of the trial

court's denial thereof.  As Mother cannot use Indiana Trial Rule 60(B) as a

substitute for direct appeal and she failed to make a cogent argument in support

of her appeal to the trial court's denial of her T.R. 60(B) motion, we must affirm the trial court's decision.[1]

## CONCLUSION

Based on the foregoing, we hold that the trial court did not abuse its discretion in denying her motion for relief from judgment.

Affirmed.

May, J. and Mathias, J. concur

---

[1] Even though the trial court also denied Mother's motion for relief based on T.R. 60(C), Mother did not pursue this ground on appeal.