## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 23 2020, 8:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Scott A. Norrick
Anderson, Indiana

ATTORNEY FOR APPELLEES

Denise E. Hayden
Lacy Law Office, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dawn Riddle and Matthew Riddle,

*Appellants-Plaintiffs,*

v.

Dennis Cress, Haley Wilkerson, and Helen Cress,

*Appellees-Defendants.*

April 23, 2020

Court of Appeals Case No. 19A-PL-1471

Appeal from the Johnson Superior Court

The Honorable Marla Clark, Judge

Trial Court Cause No. 41D04-1810-PL-133

**Shepard, Senior Judge.**

[1] Dawn ("Dawn") and Matthew ("Matthew") Riddle (collectively "the Riddles") appeal from the trial court's order granting a motion to set aside a default judgment filed by Dennis Cress ("Dennis"), Helen Cress ("Helen") and Haley

Wilkerson ("Haley") (collectively, "the Defendants"), contending that the trial court erred in granting the motion. We reverse.

## Facts and Procedural History

The Riddles filed a complaint on October 20, 2018, alleging that the Defendants had committed defamation and false reporting in the course of tendering to the Department of Child Services ("DCS") material designed to denigrate the Riddles.

Dennis and Helen received a summons and service of the complaint on November 15, 2018, while Haley received the same on December 20, 2018. None of the Defendants appeared or responded to the complaint, and on January 25, 2019, the Riddles moved for a default judgment as to each of them individually. The trial court granted their request on January 28, 2019.

On February 21, 2019, the Defendants filed a motion for relief from judgment, citing Indiana Trial Rule 60(B)(1). Following a hearing on the motion, the court concluded that most of the Defendants' arguments about excusable neglect had been "debunked." Appellants' App. Vol. 2, p. 13. It nevertheless granted the Defendants relief and set aside the default judgment. This appeal followed.

## Issue

The sole issue on appeal is whether the trial court erred in determining the Defendants had demonstrated they were entitled to relief.

# Discussion and Decision

[6] Indiana Trial Rule 60(B) provides in pertinent part that a "court may relieve a party . . . from a judgment, including a judgment by default for the following reasons: (1) mistake, surprise, or excusable neglect[.]" Appellate review in the area of default judgments is limited. "The decision whether or not to set aside a default judgment is committed to the sound discretion of the trial court." *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 340 (Ind. 1983). An abuse of discretion occurs when the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment, or it is "clearly erroneous." *Bello v. Bello,* 102 N.E.3d 891, 894 (Ind. Ct. App. 2018).

[7] "'The trial court's discretion is circumscribed and limited by the eight categories listed in T.R. 60(B).'" *Id.* (quoting *Ind. Ins. Co. v. Ins. Co. of N. Am.*, 734 N.E.2d 276, 278 (Ind. Ct. App. 2000), *trans. denied*). These are largely meant "to afford relief from circumstances which could not have been discovered" during the period a motion to correct error could have been filed. *Snider v. Gaddis*, 413 N.E.2d 322, 324 (Ind. Ct. App. 1980). "The burden is on the movant to establish grounds for relief" under T.R. 60(B). *Ind. Ins. Co.,* 734 N.E.2d at 279. "'[T]he trial court is required to balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation.'" *Bello*, 102 N.E.3d at 894 (quoting *Indiana Ins. Co.*, 734 N.E.2d at 278-79).

In so doing, "the trial court must consider the unique factual background of each case because 'no fixed rules or standards have been established as the circumstances of no two cases are alike.'" *Coslett v. Weddle Bros. Constr. Co. Inc.*, 798 N.E.2d 859, 860-61 (Ind. 2003) (quoting *Siebert*, 446 N.E.2d at 340). "Though the trial court should do what is 'just' in light of the facts of individual cases, that discretion should be exercised in light of the disfavor in which default judgments are held." *Id.* at 861. "A trial court will not be found to have abused its discretion 'so long as there exists even slight evidence of excusable neglect.'" *Id.* (quoting *Sec. Bank & Trust Co. v. Citizens Nat. Bank of Linton*, 533 N.E.2d 1245, 1247 (Ind. Ct. App. 1989)*, trans. denied*).

The defendants' motion alleged the following:

> 5.  That the Defendants neglected to file an Answer to said Complaint in a timely fashion based upon the following:
>
> a.  Defendants, [Dennis] and [Helen] were involved in an automobile accident in late October 2018.  Helen [] sustained injuries as a result of said accident.  She was briefly hospitalized and continued to treat with her physician.
>
> b.  That Defendants, [Dennis] and [Helen] are 75 years of age and 66 years of age respectively and are [sic] were not aware that an Answer to the Complaint was required to be filed.  Through the years both Defendants have received certified mail from the Plaintiff, [Matt].  The correspondence was routinely sent by certified mail by [Matt] and typically contained harassing and defamatory assertions about the Defendants, individually, and other family members.  The Defendants were under the mistaken belief the present lawsuit was nothing more than the latest of communications from [Matt] which contained similar assertions.

c.  The Defendants, Helen and [Dennis], were at or near this time involved in concluding a Chapter 13 Bankruptcy proceeding. The automobile accident as referenced above further complicated matters as they were dealing with the Bankruptcy Trustee and their insurance carrier related to monies to be received relative to replacing their automobile.  That the Defendants, Helen and [Dennis], were engaged in these negotiations were without transportation for a period of time and simply misunderstood their respective obligation to answer the Complaint in a timely fashion.

d.  That the Defendants, Helen and [Dennis] were selected by the Department of Child Services ("DCS") as placement of the Plaintiff's two children Katie and Megan Riddle in the fall of 2016 when the children were removed from the home of the Plaintiffs.  The Defendants mistakenly believed that the Complaint was related to the CHINS matter and therefore did not require them to answer the Complaint directly.

e.  That [Haley] was moving her primary residence from 9206 Huntleigh Circle, Plainfield, Indiana to 5629 Mills Rd., Indianapolis [sic] Indiana 46221 between November 3 to December 27, 2018.  That the Defendant lost track of the Complaint in the move and inadvertently failed to answer the Complaint in a timely fashion.  Further, the Defendant, [Haley], was injured on December 3, 2018.  Her injury required her to attend physical therapy and utilize crutches during her convalescence.  The Defendant, [Haley], was focused on her recovery and not mindful that an answer to the Complaint was time sensitive.

Appellants' App. Vol. 2, pp. 23-25.

[10]    The hearing testimony contradicts most of the assertions in the motion.  Dennis and Helen were involved in an accident, but it occurred in September 2018, nearly two months before they were served with the complaint.  Further, Helen

was treated at a hospital, but was not hospitalized for her injuries, which did not include a concussion. Dennis and Helen each testified that despite the mention of their ages in the motion, they were competent.

[11] Helen testified that she had received only one letter through certified mail from Matt and that was the complaint and summons Dennis signed for on November 14 or 15, 2018. She also agreed that the chronological case summary for the bankruptcy case showed that the case was closed on October 31, 2018, and that the agreed entry was signed on November 2, 2018. The bankruptcy court order indicating that the case was closed was dated November 5, 2018. Although she and Dennis were represented by counsel in the bankruptcy proceedings, it did not occur to her to have her attorney review the complaint. Registration for the vehicle that was bought to replace the one that was totaled in the crash was dated October 11, 2018. As for Helen, she testified that after Dennis signed for the certified mail for the summons and complaint, she read but "briefly breezed through it." *Id.* at 38. She also stated that she was aware that an answer needed to be filed within twenty days.

[12] Dennis testified that he signed for the certified mail for both of them, opened and read the mail. He said he simply forgot about the letter because of prior communication with Matt. Dennis testified that he has not spoken to Matt for fifteen years and has had no call, no visits, and no mail from him. When asked if he understood the consequences of ignoring a court document, he first stated that he is now aware of the consequences. Upon further questioning, Dennis stated that prior to his retirement from the police force, he was summonsed into

court approximately 5,000 times. He agreed that when those to whom he issued a ticket failed to appear, there was the consequence of re-arrest.

[13] Regarding Haley's defense, she testified that she received the complaint in December and did not immediately open it because she claimed that Matt had sent multiple certified letters to Helen and Dennis, her grandparents. Despite claiming that she lost track of the complaint in the move, she stated that later in December she read the complaint and was aware of the summons. *Id.* at 6. She understood that she was required to respond within a certain timeframe. *Id.* Haley did not contact a lawyer about the complaint because she believed Matt was asserting a "bogus" claim. Tr. p. 6. She said that she turned her attention to the complaint only after receiving a letter that the case was "defaulted," and she was ordered to appear. *Id.* at 7.

[14] In the motion for relief, Haley had claimed that she neglected to answer the complaint because: (1) she was moving and lost track of it; (2) she was changing residences; and (3) had to recover and rehabilitate from an injury, which required her to use crutches. Haley testified, however, that even though she was injured and used crutches, she was able to continue working two jobs and found rides to and from work. At one of her jobs, she had access to a computer with internet service. She stated that her injuries did not prevent her from working and from moving her belongings. Further, Haley had never received any mail from the Riddles in the past. She was aware the summons and complaint were official court documents but failed to respond.

[15] Rule 60(B) requires that a movant filing a motion under subsection 1 must also allege a meritorious claim or defense. Matt testified that the underlying case with DCS, which was based at least in part on Haley's assertions, vindicated him and that the case was dismissed and ordered expunged. Matt filed the complaint against the defendants in an effort to clear his name and that of his children.

[16] The trial court found that the defendants filed their motion less than 30 days after the judgment was entered and that there were complications in their personal lives such that they did not respond to the complaint. The court also found as follows:

> *While Plaintiffs debunked most of the specific reasons Defendants set forth*, the Court was nonetheless left with the impression that Defendants, unsophisticated and unrepresented by counsel, were sincerely confused about their obligation to respond. Moreover, the animosity between the parties was readily apparent during the hearing. This animosity may have contributed to the Defendants' misunderstanding of their responsibilities with regard to the Complaint and Summons.

Appellants' App. Vol. 2, p. 13 (emphasis added).

[17] The court further found that Helen and Dennis testified that they made no statement to the DCS prior to the removal of the children. The court observed that Haley made a statement to the DCS, but her statement was based on communication from another person. Therefore, the court concluded, there was a sufficient showing of a meritorious defense that should be heard.

Further, the court found that the amount of damages, if any, would be a "hotly contested issue" and that the court did not wish to determine damages when the issue of liability was decided by default. *Id.*

Based on our standard of review, we conclude that the trial court abused its discretion in setting aside the default judgment. The court acknowledged that most of the specific reasons set forth in the motion were "debunked," but concluded that the defendants were "sincerely confused about their obligation to respond." *Id.* Here, the record reflects that the defendants were aware of their obligation to respond but chose not to do so, offering explanations in their motion that were disproven at the hearing. As the Supreme Court said in *Smith*, 711 N.E.2d at 1262, "This is neglect, but not excusable neglect as the term appears in Rule 60(B)(1)."

# Conclusion

In light of the foregoing, we reverse and remand this matter to the trial court for further action on the merits.

Judgment reversed and remanded.

Pyle, J., concur.

Riley, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Dawn Riddle and Matthew
Riddle,

*Appellants-Plaintiffs,*

v.

Dennis Cress, Haley Wilkerson,
and Helen Cress,

*Appellees-Defendants.*

Court of Appeals Case No.
19A-PL-1471

**Riley, Judge dissenting**

[21] I respectfully dissent from the majority's opinion reversing the trial court's judgment setting aside the default judgment entered against Defendants because the majority did not find there to be excusable neglect as required pursuant to Indiana Trial Rule 60(B)(1).

[22]     As acknowledged by the majority's opinion, when deciding whether or not a default judgment may be set aside because of excusable neglect, the court must consider the unique factual background of each case because no fixed rules or standards have been established as the circumstances of no two cases are alike. *Coslett v. Weddle Bros. Contr. Co.,* 798 N.E.2d 859, 860-61 (Ind. 2003). Looking at the particular circumstances before it, the trial court noted the complications in Defendants' personal lives, and touched upon its prerogative of determining the credibility of witnesses by observing its impression that Defendants, unsophisticated and unrepresented by counsel, were sincere in their confusion about their obligations in these proceedings.

[23]     On appeal, a trial court's decision to set aside a default judgment is entitled to deference and is reviewed for an abuse of discretion. *Id.* Any doubt of the propriety of a default judgment should be resolved in favor of the defaulting party. *Id.* As such, a trial court will not be found to have abused its discretion so long as there exists even slight evidence of excusable neglect. *Id.* Cognizant of the individualized circumstances and the parties' testimony, I cannot conclude that the trial court's judgment, setting aside the default judgment, is clearly against the logic and effect of the facts and inferences supporting its judgment. *See Bello v. Bello,* 102 N.E.3d 891 (Ind. Ct. App. 2018).