

IN THE

# Court of Appeals of Indiana

Alma Wilkerson,

*Appellant-Petitioner,*

v.

James Douglas Egan, Jr.,

*Appellee-Respondent.*



FILED

Feb 27 2025, 9:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

February 27, 2025

Court of Appeals Case No.
24A-DN-1174

Appeal from the
Brown Circuit Court

The Honorable
Mary Wertz, Judge

The Honorable
Jennifer Wilson Reagan, Magistrate

The Honorable
Frank M. Nardi, Magistrate

Trial Court Cause No.
07C01-2204-DN-97

---

**Opinion by Senior Judge Robb**
Judges Pyle and Tavitas concur.

**Robb, Senior Judge.**

# Statement of the Case

Alma Wilkerson appeals the trial court's denial of her motion to correct error that challenged the court's ruling on her motion for relief from judgment concerning her receipt of funds through a qualified domestic relations order (QDRO). Finding no error, we affirm.

# Facts and Procedural History

The marriage of Alma Wilkerson and James Egan, Jr. was dissolved in May 2023. As part of the division of the marital estate, the court awarded Alma a portion of James' National Electrical Annuity Plan (NEAP) and ordered that she receive her share via a QDRO. Once the QDRO was submitted to NEAP, Alma was informed she is not eligible to receive the funds. The terms of the plan provide that Alma cannot receive her portion of the funds under the QDRO until James, the plan participant, reaches the age of 55. At the time, James was 41 years old.

Alma moved for relief from judgment and requested the court to modify the parties' decree to order James to pay her a lump sum equal to her share of the NEAP account within sixty days. The court denied the motion, and Alma then moved to correct error, challenging the court's denial of her motion for relief from judgment. The court denied that motion as well, and Alma now appeals.

## Discussion and Decision

Alma contends the trial court abused its discretion by denying her motion to correct error. We review the denial of a motion to correct error for an abuse of discretion. *Kobold v. Kobold*, 121 N.E.3d 564, 570 (Ind. Ct. App. 2019), *trans. denied*. An abuse of discretion occurs where the decision is against the logic and effect of the facts and circumstances before the court or where the court has erred on a matter of law. *Id.*

Underlying Alma's motion to correct error is her motion for relief from judgment pursuant to Trial Rule 60(B). "'[A] motion made under T.R. 60(B) is addressed to the equitable discretion of the trial court, and we will reverse only upon an abuse of that discretion.'" *Bello v. Bello*, 102 N.E.3d 891, 894 (Ind. Ct. App. 2018) (quoting *Brimhall v. Brewster*, 864 N.E.2d 1148, 1152-53 (Ind. Ct. App. 2007), *trans. denied*). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court or is contrary to law. *Parham v. Parham*, 855 N.E.2d 722, 728 (Ind. Ct. App. 2006), *trans. denied*. The movant bears the burden of establishing grounds for relief under Rule 60(B). *Bello*, 102 N.E.3d at 894.

[6] Trial Rule 60(B)(8) provides that a court may relieve a party from a judgment for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." Further, per the rule's language, a Rule 60(B)(8) motion must be filed within a reasonable time and must allege a meritorious claim or defense. *See* Ind. Trial Rule 60(B)(8).

[7] In addition, precedent requires that the moving party must also demonstrate some extraordinary or exceptional circumstances justifying equitable relief. *Centennial Park, LLC v. Highland Park Ests., LLC*, 151 N.E.3d 1230, 1237 (Ind. Ct. App. 2020) (quoting *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016)), *trans. denied*. Such relief, however, is limited to extraordinary circumstances "which are not the result of any fault or negligence on the part of the movant." *Kretschmer v. Bank of Am., N.A.*, 15 N.E.3d 595, 600 (Ind. Ct. App. 2014), *trans. denied*. Thus, to be granted relief, Alma must show: (1) she brought her claim within a reasonable time;[1] (2) she has alleged a meritorious claim; and (3) extraordinary or exceptional circumstances justify relief.

[8] Alma argues she is entitled to relief under Rule 60(B)(8) because it was the court's intention that she receive her funds immediately and that objective could not be accomplished. *See* Appellant's Br. p. 18; *see also* Appellant's App. Vol. 2, p. 29 (Motion for Relief from Judgment, ¶¶ 6, 7). In support of this argument, Alma cites to this language:

---

[1] The timing of Alma's motion is not at issue.

> The Alternate Payee may receive Ninety-Five Thousand One
> Hundred Twenty Two Dollars and Twenty Six Cents
> ($95,122.26) of the Participant's account immediately.

*See* Appellant's Br. p. 10; *see also* Appellant's App. Vol. 2, p. 29 (Motion for Relief from Judgment, ¶ 7).

[9] However, the language Alma cites as proof of the court's intent is not the language of the court's decree but rather the language of the QDRO drafted by her attorney. *See* Appellant's App. Vol. 2, p. 26 (QDRO, ¶ 5). The decree merely states:

> The Court awards Wife $95,122.26 of Husband's NEAP
> retirement account and awards Husband the remaining value of
> this account. The Court Orders that Wife shall be awarded her
> share of this account by a qualified domestic relations order. The
> Court Orders Wife's attorney to submit such a qualified domestic
> relations order for the Court's consideration.

*Id.* at 19 (Decree of Dissolution, ¶ 13). Indeed, in its order denying Alma's motion for relief from judgment, the trial court stated:

> The Court disagrees with Petitioner that the intention of the
> Court was for the immediate distribution of the NEAP retirement
> account. Specifically, there is no language in the *Decree*
> specifying a date of distribution, whether it be immediate or in 14
> years.

*Id.* at 51 (Order Denying Relief from Judgment, ¶ 6).

[10] The court's decree plainly awarded Alma $95,122.26 of James' NEAP retirement account, and, as the court clearly stated in its order denying Alma's Rule 60(B) motion, there were no time constraints placed on the award. The court's order in the decree can be accomplished, just not on the timeline that Alma desires. *Contra Parham*, 855 N.E.2d 722 (concluding that court did not err when it granted relief from judgment where court's decree ordered distribution of husband's pension under terms not permitted by pension plan and was thus legally impossible to carry out as court had ordered).

[11] Even if we assume for the sake of argument that Alma demonstrated a meritorious claim, she is not entitled to relief under Rule 60(B)(8) because she did not demonstrate extraordinary circumstances that resulted from something other than her fault or negligence. James asserts that Alma was provided information regarding the NEAP account prior to the final hearing and that she had ample time to obtain further information concerning the rules and procedures applicable to the account. Alma does not suggest otherwise and has not shown that these circumstances were not a result of her fault or negligence. And she has offered no extraordinary circumstances that would invoke the court's equitable powers under Rule 60(B)(8). Thus, while this situation may be less than desirable for Alma, it does not amount to extraordinary circumstances justifying relief under Rule 60(B)(8).

## Conclusion

We conclude the court did not abuse its discretion when it denied Alma's Trial Rule 60 motion or when it denied her related motion to correct error.

Affirmed.

Pyle, J., and Tavitas, J., concur.

ATTORNEY FOR APPELLANT

Carl Paul Lamb
Carl Lamb & Associates, PC
Bloomington, Indiana

ATTORNEY FOR APPELLEE

Kendra G. Gjerdingen
Mallor Grodner LLP
Bloomington, Indiana